IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| María S. Medina Domenech, William Marzan Sepúlveda, Raphael Ramos del Valle, José Marzán Aponte, Oscar González Robles, Madeline Fuentes Nieves, Nydia E. Fuentes Nieves, Rosa Caez Fermín, María León Lebrón, Carmen J. Ramírez Rivera, Mayra Correa Serrano, Annette Pérez Ortega, Carmencita Pérez, Maritza Rosario Román, Ramón Márquez, Nancy Rivera García, Angelita Allende Peñaloza, Ruth E. Ferrer García, Margie Igaravidez Ocasio, Ibis Soto Pérez, Félix F. Rodríguez Mercado, Margarita Félix Andino, María L. Martínez Bonilla, Ivelisse Cartagena, Carmen Y. Maldonado Merced, Lourdes Martínez Bonilla, Nereida de Jesús Lazu, Bernice Mojica Velázquez, Amarilis Vila de Jesús, Maribel Pérez Pratts, Rubén Figueroa del Río and their conjugal partnerships<br><br>Plaintiffs<br><br>V.<br><br>Puerto Rico State Insurance Fund Corporation, Jesús Rodríguez Rosa in his personal capacity, Noé Marcano, in his personal capacity, Ramón Figueroa in his personal capacity and Angie Hernández Román in her personal capacity<br><br>Defendants | CIVIL NO. 25-1170<br><br>CIVIL RIGHTS<br>PLAINTIFFS DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COME NOW the plaintiffs, through their undersigned attorneys and very respectfully states, alleges and prays:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the Fourteenth Amendments to the United States Constitution and are being brought pursuant to 42 U.S.C. § 1983 and 1988. This Court also has supplemental jurisdiction over all claims arising under the laws and Constitution of Puerto Rico herein asserted pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the District of Puerto Rico, pursuant to 28 U.S.C. §1391. All parties reside in Puerto Rico, and a substantial part of the acts, events and/or omissions giving rise to these claims occurred in Puerto Rico.

**II. PARTIES**

3. Plaintiffs are all present and past employees of the Puerto Rico State Insurance Fund (el Fondo) and residents of this Commonwealth.

4. Defendant Jesús Rodríguez Rosa was from the enactment of Act 80 until December 2023 was the Administrator of el Fondo.

5. Defendant Noé Marcano was from January 204 to 2025 the Administrator of el Fondo.

6. Defendants Ramón Figueroa and Angie Hernández Román, at all times herein material to the allegations of the complaint were el Fondo's Director of Human Resources.

7. Defendant el Fondo is a Governmental entity created by law, with the right to sue and be sued. It generates is own income and is not protected by the Eleventh Amendment to the United States Constitution.

**III. THE FACTS**

8. Act 80 of August 3, 2020 (Act 80) provided for the early retirement of different employees of the Government of Puerto Rico and some of its public corporations, with a 50% of

their salary at that time, instead of the 38% or lower and having to wait until age 65. Act 80 applied to all plaintiffs in this case and they could have retired pursuant to this act. On October 14, 2020 the Retirement Services Administration of the Commonwealth of Puerto Rico and the Office of Management and Budget issued Circular Letter Num. 2021-01 for a process to implement Act 80. This Circular Letter was amended by 2021-2 on November 9, 2020 and later by Circular Letter 2021-3 of December 14, 2020. The period to request early retirement pursuant to Act 80 was extended until January 22, 2021. All Plaintiffs requested early retirement pursuant to Act 80 within the established period.

9. On December 20, 2021, the Financial Oversight Management Board (FOMB) filed an adversary proceeding against Governor Pierluisi and others, Adv. Proc 21-00119 within the Title III process of the Commonwealth of Puerto Rico, 17-3283 to stop the implementation of Act 80. After filing said Adversary Proceeding, the parties sat down to discuss a solution to their differences.

10. On December 27, 2021, the parties in case 21-119 filed a stipulation with the Court and on December 28, 2021, Judge Swain approved said stipulation. The order states, *inter alia*, the following:

> The Court's approval or 'SO ORDERING' of this agreement shall invalidate JR 33 and Acts 80, 81, and 82 pursuant to PROMESA, including as significantly inconsistent with the certified fiscal plan, as of the enactment date for each of JR 33 and Acts 80, 81, and 82, except as provided for in paragraph 3 of this agreement.

12. Paragraph 3 of said order states:

> Act 80 and JR 33 - The parties shall endeavor to reach an agreement on a means of implementing the incentivized early retirement provisions set forth in Act 80 for certain employees where doing so would create savings above and beyond the level of savings required in the currently certified fiscal plan (the "Baseline Savings") or otherwise satisfy some other metric the parties agree on, as follows:

a. On a per agency level, the Government shall provide both the descriptions of the position proposed to be eliminated (the "Proposed Eliminated Positions") and the projected net savings that will result from the elimination of said position while taking into consideration the incremental cost of providing the incentivized early retirement benefit (the "Savings");

b. If the parties mutually agree on (i) the Proposed Eliminated Positions, (ii) the Savings, and (iii) that the Savings are above and beyond the Baseline Savings, or otherwise satisfy some other metric the parties may agree on, then the parties shall use their respective best efforts to concur on a means of implementation within 45 days after the date of this agreement, including necessary fiscal plan and budgetary funding in compliance with PROMESA; and

c. The Eliminated Positions shall be eliminated within the Governmental system, and the eliminated positions, including any functionally similar positions, shall not be restored, recreated, or created within the affected agencies and corporations.

11. On January 25, 2022, the Retirement Services Administration of the Commonwealth and the Office of Management and Budge issued Circular Letter Num. 2021-04 establishing the second phase of the procedure to implement Act 80 Two time extensions were provided until March 5, 2022. On July 22, 2022 Circular Letter 2023-1 was issued where the first phase of the implementation of the early retirement pursuant to Act 80 was established. Subsequently, the parties to Adversary Proceeding 21-119 filed a new stipulation which was approved by Judge Swain on September 25, 2023. On October 5, 2023 Circular Letter 2024-02 was issued, establishing the second phase of the retirement program pursuant to Act 80.

12. More than once, several Plaintiffs requested from el Fondo and from the other Defendants that they state which employees were essential employees and which were not. At no time did any Defendant answer these requests or state which employees of the agency were essential employees.

13. On March 22, 2024, the FOMB and the Commonwealth filed a final stipulation in Adversary Proceeding 21-119 providing the positions that were eliminated in each

agency. None of the Plaintiffs was included in said list. None of the Plaintiffs were able to take early retirement pursuant to Act 80. If allowed to retire pursuant to Act 80, they would receive 50% of their salary and would not have to wait to age 65 when the retirement percentage would be much lower.

17. At some time between June 2022 and March 21, 2024,  Defendants conspired and decided, for reasons unknown, not to allow Plaintiffs to take early retirement. Defendants did not give Plaintiffs a pre or post deprivation hearing to challenge said decision or to demonstrate that their positions were not essential to el Fondo. The decision that el Fondo was not to allow Plaintiffs take early retirement was taken by Defendants and hence they are liable to Plaintiffs for their damages.

## IV. THE FIRST CAUSE OF ACTION-DUE PROCESS

18. Plaintiff realleges and adopts by reference paragraphs 1-17 of this complaint.

19.  Act 80 provided Plaintiffs with a property right, to wit, take early retirement at 50% of their present salary. The Commonwealth illegally agreed to stop putting in effect Act 80 in its entirety. Even if this act was not illegal, the stipulation of December 2021 and September 2023, created a property right for them protected by the 5th and 14th Amendment Due Process clause.

20. Plaintiffs had and have a property interest in the early retirement process established by Act 80 and the aforementioned stipulations. At some time between July 2022 and December 21,  2023, Defendants conspired with each other and decided not to allow Plaintiffs to take early retirement pursuant to Act 80. Defendants Rodríguez Rosa and Marcano, as Administrators of el Fondo, were the final policy makers and in conspiracy with others, including Defendants, took the decision not allow Plaintiffs to take early retirement and denying them a pre or post deprivation

hearing. Hence, el Fondo is liable pursuant to 42 U.S.C. § 1983. These decisions were intentional and without any legally valid reasons.

21. Defendants took the decision not to allow Plaintiffs to take early retirement pursuant to Act 80 without given due process. They were not provided an opportunity to be heard on whether their position was essential or any other reason to deny their request to take early retirement. Since all Plaintiffs had a property right to retire pursuant to Law 80, they had a right to be heard when said right was denied by Defendants intentional and unreasonable act of denying said retirement. If a person possesses a property interest, some form of the pre-deprivation process is required, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The need for a pre-depravation hearing comes from the balancing of (1) the private interest that will be affected and the interest of the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and (3) the government's interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543 (1985). In this case, the balancing of interest favored the pre-deprivation hearing, which was not provided by Defendants intentionally.

22. In addition, if Plaintiffs did not have a right to a pre-deprivation hearing, which they had a right to, they had a right to a post-deprivation hearing, which was not provided by Defendants. Although Plaintiffs sought meetings with Defendants, they were not given the type of hearing required by due process. "The fundamental requirement of due process is the opportunity to be heard *at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge,* 424 U. S. 319, 433 *(1976),* quoting *Armstrong v. Manzo*, 380 U. S. 545, 552 (1965). This opportunity was not provided by Defendants, although they knew or should have known Plaintiffs had a right to said hearing, all in violation of 42 U.S.C. § 1983.

23. These decisions deprived Plaintiffs of their constitutional right to be heard and were made pursuant to Commonwealth law by state actors, in violation of 42 U.S.C. § 1983. As explained in more detail in the damages section, this not only has caused Plaintiffs pain and suffering but economic hardship since their retirement will be much less than pursuant to Act 80. All of Defendants actions were made under color of state law in violation of 42 U.S.C. § 1983.

## V. SECOND CAUSE OF ACTION-SUBSTANTIVE DUE PROCESS

24. Plaintiffs adopt by reference paragraphs 1-23 of the Complaint.

25. Act 80 provided Plaintiffs with a property right, to wit, take early retirement at 50% of their present salary. The Commonwealth illegally agreed to stop putting in effect Act 80 in its entirety. Even if this act was not illegal, the stipulation of December 2021 and September 2023, coupled with the letter of July of 2022, informing Plaintiffs that they could take early retirement pursuant to Act 80, created a property right for them protected by the 5th and 14th Amendment Due Process clause.

26. Plaintiffs had and have a property interest in the early retirement process established by Act 80 and the aforementioned stipulations. At some time between June 2022 and December 21, 2023, Defendants conspired and decided not to allow Plaintiffs to take early retirement pursuant to Act 80. Defendants Rodríguez Rosa and Marcano, as Administrators of el Fondo, were the final policy makers and in conspiracy with others, including Defendants, took the decision not allow Plaintiffs to take early retirement and denying them a pre or post deprivation hearing. Hence, el Fondo is liable pursuant to 42 U.S.C. § 1983. These decisions were intentional and without any legally valid reasons.

27. Defendants took the decision not to allow Plaintiffs to take early retirement pursuant to Act 80 without . They were not provided an opportunity to be heard on whether their position

was essential or any other reason to deny their request to take early retirement. Since all Plaintiffs had a property right to retire pursuant to Law 80, they had a right to be heard when said right was denied by Defendants intentional and unreasonable act of denying said retirement. If a person possesses a property interest, some form of the pre-deprivation process is required, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The need for a pre-depravation hearing comes from the balancing of (1) the private interest that will be affected and the interest of the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and (3) the government's interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543 (1985). In this case, the balancing of interest favored the pre-deprivation hearing, which was not provided by Defendants intentionally. These acts and omissions of due process denial and lying to Plaintiffs as to who took the decision not allow them to take early retirement pursuant to Act 80 and the aforesaid stipulations are shocking to the conscience in violation to the substantive due process clause of the U.S. Constitution and deprived Plaintiffs' of their property right to take early retirement.

28. These decisions deprived Plaintiffs of their constitutional right to be heard and were made pursuant to Commonwealth law by state actors, in violation of 42 U.S.C. § 1983. As explained in more detail in the damages section, this not only has caused Plaintiffs not only pain and suffering but economic hardship since their retirement will be much less than pursuant to Act 80. All of Defendants actions were made under color of state law in violation of 42 U.S.C. § 1983.

## VI. THIRD CAUSE OF ACTION-TORTS

29. Plaintiffs adopt by reference paragraphs 1-28 of the Complaint.

30. Defendants acts and omissions have caused damages to Plaintiffs. Their acts and omissions are in violation of Article 1536 of the Puerto Rico Civil Code, 2020 Edition (the Code),

31 L.P.R.A. § 10801 and Article 1540 of the Code, 31 L.P.R.A. § of the 10805. Defendants had the duty to provide Plaintiffs with due process, did not do so and actually conspired to deprive Plaintiffs of their constitutional rights. In addition, Defendants had the duty to provide Plaintiffs with truthful information as to whom denied them early retirement when in reality, they lied to them about who decided they could not take the early retirement. All these acts and omissions caused Plaintiffs the damages alleged, *infra*.

## VII. DAMAGES

31.  Plaintiffs adopt by reference paragraphs 1-30 of the Complaint.

32. Plaintiff María S. Medina Domenech is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  María was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. María cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**33**. Also, if María had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

34. Plaintiff  William Marzán Sepúlveda works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. William was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. William cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**35**. Also, if William had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

36. Plaintiff  José Marzán Aponte works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José  was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. José cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**37**. Also, if José had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

38. Plaintiff  Oscar González Robles works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Oscar  was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. Oscar cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**39**. Also, if Oscar had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

40. Plaintiff Madeline Fuentes Nieves is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Madeline was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Madeline cannot believe

that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**41.** Also, if Madeline had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

42. Plaintiff Nydia E. Fuentes Nieves is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Nydia was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Nydia cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**43**. Also, if Nydia had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

44. Plaintiff Rosa Caez Fermín is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Rosa was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Rosa cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**45.**. Also, if Rosa had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

**46**. Also, if Nydia had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

47. Plaintiff María León Lebrón is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  María  was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. María cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**48**. Also, if María had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

49 Plaintiff Carmen J. Ramírez Rivera is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Carmen was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Carmen cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**50**. Also, if Carmen had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

51. Plaintiff Mayra Correa Serrano is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Mayra was greatly disillusioned

12

when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Mayra cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**52**. Also, if Mayra had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

53. Plaintiff Annette Pérez Ortega is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Annette was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Annette cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**54**. Also, if Annette had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

55. Plaintiff Carmencita Pérez is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Carmencita was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Carmencita cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**56**. Also, if Carmencita had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

57. Plaintiff Ruth E. Ferrer García is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Ruth was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Ruth cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**58**. Also, if Ruth had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

59. Plaintiff Maritza Rosario is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Maritza was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Maritza cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**60**. Also, if Maritza had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

61. Plaintiff Ramón Márquez works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Ramón was greatly disillusioned when he

was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. Ramón cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**62**. Also, if Ramón had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

63. Plaintiff Nancy Rivera García is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Nancy was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Nancy cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**64**. Also, if Nancy had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

65. Plaintiff Angelita Allende Peñalaza is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Angelita was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Angelita cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

66. Also, if Angelita had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

67. Plaintiff Margie Igaravidez Ocasio is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Margie was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Margie cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

68. Also, if Margie had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

69. Plaintiff Ibis Soto Pérez is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Ibis was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Ibis cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

70. Also, if Ibis had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

71. Plaintiff Félix F. Rodríguez Mercado works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Félix was greatly disillusioned

16

when he was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. Félix cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**72**. Also, if Félix had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

73. Plaintiff Margarita Félix is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Margarita was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Margarita  cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**74**. Also, if Margarita had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

75. Plaintiff María L. Martínez Bonilla is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  María was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. María cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**76**. Also, if María had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

77. Plaintiff Ivelisse Cartagena is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Ivelisse was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Ivelisse cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**78**. Also, if Ivelisse had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

79. Plaintiff Carmen Y. Maldonado Merced is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Carmen was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Carmen cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**80**. Also, if Carmen had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

81. Plaintiff María Léon Lebrón is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. María was greatly disillusioned

when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. María cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**82**. Also, if María had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

83. Plaintiff Lourdes Martínez Bonilla is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Lourdes was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Lourdes cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**84**. Also, if Lourdes had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

85. Plaintiff Nereida de Jesús Lazu is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Nereida was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Nereida cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

86. Also, if Nereida had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

87. Plaintiff Bernice Mojica Velázquez is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Bernice was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Bernice cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

88. Also, if Bernice had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

89. Plaintiff Claribel Vázquez Renta is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Claribel was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Claribel cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

90. Also, if Claribel had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

91. Plaintiff Amarilis Vila de Jesús is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form. Amarilis was greatly disillusioned

when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Amarilis cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**92**. Also, if Amarilis had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

93. Plaintiff Maribel Pérez Pratts is an employee working in el Fondo She was overjoyed when Act 80 was approved and filled out the provided form.  Maribel was greatly disillusioned when she found out in March of 2024 that she was not included in those who could retire pursuant to Act 80. Since she has suffered great pain and suffering. Maribel cannot believe that the agency for which she has worked for so long would betray her. Her damages for emotional pain and suffering are no less than $1,000,000.

**94**. Also, if Maribel had been able to take early retirement pursuant to Act 80, she would have received much more money that when she retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

95. Plaintiff  Rubén Figueroa del Río works in el Fondo. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Rubén was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he has suffered great pain and suffering. Rubén cannot believe that the agency for which he has worked for so long would betray him. His damages for emotional pain and suffering are no less than $1,000,000.

**96**. Also, if Rubén had been able to take early retirement pursuant to Act 80, he would have received much more money that when he retires at age 65 now. This amounts to a present value loss of income of over $50,000 in lost income.

## VIII. JURY DEMAND

97. Plaintiffs demand that all questions of fact be decided by a jury.

WHEREFORE: Plaintiff respectfully requests from the Honorable Court that it enter judgment against defendants in the fashion specified in paragraphs **30-96** of this complaint, plus interest and attorney's fees.

Respectfully submitted on this 21st of March, 2025.

/s *John E. Mudd*
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787)413-1673
 johnmuddlaw@gmail.com